PREGERSON, Circuit Judge:
 

 The Nicholsons appeal from the district court’s reversal of an order of the bankruptcy court reforming a trustee’s deed of sale. We affirm the district court’s decision.
 

 FACTS
 

 In 1979, the Nicholsons bought 140 acres of land in Yavapai County, Arizona (the “Tone parcel”). They promptly sold all but approximately 18 acres of the parcel in two lots to Clatterbuck and Hitney, taking back notes in partial payment for each lot. Shortly after, in July 1980, the Nicholsons filed as bankrupts. The bankruptcy court ordered the sale of “the Debtor’s interest” in the Tone parcel to pay the Nicholsons’ creditors. At the trustee sale, both the Nicholsons and Juanarena bid $40,000. Since Juanarena’s bid was for cash, the trustee in bankruptcy deeded the Nicholson’s interests to him. The sale was confirmed by the Bankruptcy Court without objection.
 

 On November 8, 1983, the bankruptcy court granted a motion by the Nicholsons under Fed.R.Civ.P. 60(b) and reformed Jua-narena’s deed to exclude the notes.
 
 [1]
 
 Jua-narena did not appeal this order. Rather, he filed a motion of “objection to order” on November 10, 1983. It is apparent from both the papers filed in relation to this motion
 
 [2]
 
 and from the bankruptcy court’s eventual order that Juanarena’s motion was treated as a motion to reconsider the bankruptcy court’s Rule 60 order. The Bankruptcy Court denied Juanarena’s motion on March 21, 1984. Juanarena appealed this last decision of the bankruptcy court. The district court reversed the bankruptcy court’s reformation of the trustee deed, thus restoring the notes to Jua-narena.
 

 DISCUSSION
 

 1.
 
 Jurisdiction
 

 Juanarena’s notice of appeal to the district court was limited to the bankruptcy court’s denial of his motion to reconsider the order reforming the deed. The district court reversed on the merits without mentioning any limitation on the scope of the appeal, despite a brief reference to the issue in the Nicholsons’ brief.
 

 To limit our review to the propriety of the motion to reconsider, rather than to review the underlying decision of the bankruptcy court as did the district court, would be harshly technical, especially where, as here, the motion actually appealed from was apparently argued on the underlying merits. Since Juanarena’s November 10, 1983 motion, although inartfully framed, was filed within ten days of the Bankruptcy Court’s Rule 60 order, and was treated as a motion to reconsider, it satisfies Fed. R.Civ.P. 59(e), and thus tolls the time for appeal on the Rule 60 order.
 
 Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc.,
 
 690 F.2d 1240, 1247 (9th Cir.1982), ce
 
 rt. denied,
 
 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983).
 

 Because Juanarena preserved his right to appeal by filing a Rule 59(e) motion, we cannot deny Juanarena his right to an appeal simply because he did not mention the November 8 order in his notice of appeal.
 
 *516
 
 “The overriding principle of the Federal Rules is to ignore insubstantial errors when they do not prejudice the other party or affect the substantive power of the court to review the decision.”
 
 Sierra OnLine, Inc. v. Phoenix Software, Inc.,
 
 739 F.2d 1415, 1420-21 (9th Cir.1984).
 
 See also Foman v. Davis,
 
 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962) (“[T]he Court ... should have treated the appeal from the denial of the motions as an effective, although inept, attempt to appeal from the judgment sought to be vacated.”);
 
 In re W.F. Hurley, Inc.,
 
 612 F.2d 392, 393-94 (8th Cir.1980) (where party, whose claim and motion to reconsider were both dismissed by bankruptcy court, only appealed motion to reconsider, court should address merits of underlying judgment on appeal when appellant “clearly intended to appeal from the underlying judgment ... and both parties have addressed themselves to the merits of that judgment.”); 11 C. Wright & A. Miller,
 
 Federal Practice and Procedure
 
 § 2818 at 117-18 (1973) (“The courts do not stand on technicalities in this connection and if an appeal is erroneously taken from the denial of the motion rather than from the judgment, the court will treat the appeal as being from the judgment.”). • Because Juanarena, albeit unwittingly, preserved his right to appeal the Rule 60 order, we may follow the district court and review the underlying merits of the reformation of the trustee’s deed.
 

 2.
 
 Standard of Review
 

 If the bankruptcy judge clearly erred in the factual premises prompting his decision to reform the deed, it follows that his refusal to permit reconsideration was an abuse of discretion.
 
 See In re Dill,
 
 731 F.2d 629, 631 (9th Cir.1984) (bankruptcy court’s findings of fact should be reversed if clearly erroneous);
 
 Rodgers v. Watt,
 
 722 F.2d 456, 460 (9th Cir.1983) (en banc) (abuse of discretion standard applied to order granting Rule 60 motion). Thus, we must decide what Juanarena bought at the trustee’s sale when he purchased the Ni-cholsons’ “debtors’ interest” in the Tone parcel.
 

 3.
 
 Trustee Sale
 

 The documents in the record are contradictory and ambiguous. The notice of trustee’s sale refers to the sale item as “the remaining third piece ... of the original parcel consisting of 17-18 acres.” The appraisal of the parcel at $8,500 expressly refers to a lot of 17-20 acres. These two documents support the bankruptcy court’s conclusions. Similarly, the application for the sale refers to the entire Tone parcel less the Clatterbuck and Hitney lots. Since the notes refer to these two lots, it is possible to argue that the notes were excluded from the sale.
 

 On the other hand, the application may be read to mean that the sale is of the Nicholsons’ entire remaining interest in the Tone parcel. The application describes the parcel, but limits the saleable items by excluding the Clatterbuck and Hitney lots which the Nicholsons had already sold. The exclusions refer only to the Clatter-buck and Hitney real property, not their accompanying notes.
 

 Such an interpretation is buttressed by the definition of “debtor’s estate” in § 541(a)(1) of the Bankruptcy Act, 11 U.S.C. § 541(a)(1), to include “all legal or equitable interests of the debtor in property as of the commencement of the case.” As the leading treatise on bankruptcy law observes: “It is obvious under the terms of section 541(a)(1) that any rights that the debtor may have as a lienor or mortgagee will become property of the estate.” 4 L. King,
 
 Collier on Bankruptcy
 
 II 541.07[5] at 541-32 (15th ed. 1985). The Nicholsons’ interest in the Tone parcel must therefore include the notes. For these assets not to be sold for the creditors’ benefit and to remain available to the Nicholsons after discharge, as would be the case if their appeal prevails, would be both unfair and contrary to the Act.
 

 The trustee’s testimony endorses this view of the trustee sale:
 
 [3]
 
 “Any notion that
 
 *517
 
 we were selling this eighteen acres per se is just as erroneous as it would be to say that we were selling what someone thought was going to be a pot of gold at the end of a collection cycle.... For one thing it was perfectly clear between the parties when they were both saying $40,000 what it was they were bidding on. They were bidding on the debtor’s interest in the agreement of sale that included the land and any money that would be available after the Hitneys and Clatterbucks paid themselves off.”
 

 This testimony is important evidence of what was for sale and thus of what Jua-narena actually bought. Moreover, the testimony is consistent with the duties of a trustee in bankruptcy when presented with bankrupts who have realizable assets: any trustee who failed to include the Clatter-buck or Hitney notes as assets at the sale would surely have been in breach of his fiduciary duties to the Nicholsons’ creditors.
 
 See
 
 4
 
 Collier on Bankruptcy
 
 ¶ 704.-04[1],
 

 Further, while not dispositive by itself, the fact that
 
 both
 
 Juanarena and Nicholson bid $40,000 for a lot appraised at $8,500 suggests that both parties thought they were bidding for more than just a 17-20 acre lot. As the trustee testified: “It is just beyond my belief in the case of the debtor that he started at $5,000 and then stopped at $40,000 and he didn’t know what was going on concerning this. It is also beyond my belief that Mr. Juanarena, facing an appraisal of $8,500, would get to $40,000 unless they both knew. Maybe they knew more than the trustee.”
 

 That a bankruptcy court has the equitable powers to reform a trustee’s deed is not in dispute.
 
 See Matter of Cada Investments, Inc.,
 
 664 F.2d 1158, 1162 (9th Cir.1981). However, here, as the district court concluded, the bankruptcy court’s findings of fact are clearly erroneous, and reforming the deed under Rule 60 was thus an abuse of the bankruptcy judge’s discretion.
 

 The district court’s decision is AFFIRMED.
 

 [1]
 

 . In April 1983, the Nicholsons sought to reform the trustee’s deed to Juanarena to exclude the Clatterbuck and Hitney notes. The Bankruptcy Court granted summary judgment to Juanarena on June 24, 1983. There is no indication from the Bankruptcy Court’s order or elsewhere in the record of what prompted the grant of the Rule 60 motion less than five months after granting summary judgment to Juanarena on the identical issue.
 

 [2]
 

 . A review of the papers in the record relating to Juanarena’s motion to reconsider indicates that the merits of reforming the trust deed was the principal issue litigated in the reconsideration hearing.
 

 [3]
 

 . The record includes only a small fragment of this testimony. From this fragment and the
 
 *517
 
 briefs it is not possible to identify the witness with certainty as either the trustee himself or the trustee’s attorney. There is no doubt, however, from the fragments in the record, that the witness is speaking from first-hand knowledge of the trustee's contemporary view of the sale.