**In re Michael F. McCARTHY, Debtor.**

**In re AMERICAN RESOURCES LIMITED, Debtor.**

**Bankruptcy Nos. 87–00852, 85–00325.**

United States Bankruptcy Court, D. Hawaii.

Sept. 15, 1989.

See also, Bkrtcy., 54 B.R. 245.

Harold Chu, Michael McCarthy, Honolulu, Hawaii, pro se.

Ronald K.K. Sakimura, Honolulu, Hawaii, for respondent.

## MEMORANDUM DECISION AND ORDER RE: MOTION TO ENFORCE SETTLEMENT AGREEMENT

JON J. CHINEN, Bankruptcy Judge.

On August 4, 1989, Harold Chu, Trustee of the Estate of American Resources Limited "American Resources" and Michael F. McCarthy, Debtor–in–Possession, ("collectively Movants") filed a Motion to Enforce Settlement and Release Agreement, seeking to enforce the Order Granting Trustee's Motion to Approve Settlement and Release Agreement, *In re American Resources Limited,* Bk. No. 85–00325, filed herein on March 31, 1989 and the Order Granting Debtor's Motion to Approve Settlement and Release Agreement in *In re McCarthy,* Bk. No. 87–00852 (hereafter "Orders").

The Settlement Agreement provides for the payment to American Resources or its assignee, upon the occurrence of certain events, specifically upon the settlement becoming final and nonappealable.

This Court's Order of March 31, 1989 and April 19, 1989 required that the Movants obtain the approval of the bankruptcy court administering the bankruptcies of *In re Eagle River Development Company,* Bk. No. 3x–84–00289 (Bkrtcy.Alaska), and *In re Carl Bernhardt,* Bk. No. 3–87–00909 (Bkrtcy.Alaska). That condition was satisfied on June 28, 1989.

However, on April 14, 1989, in *In re American Resources Limited,* and on May 3, 1989, in *In re McCarthy,* Evanston Insurance Company, ("Evanston") filed Motions for reconsideration of this Court's Orders of March 31, 1989 and April 19, 1989. Those Motions have not been acted upon and are to be withdrawn by Evanston.

The Settlement and Release Agreement provides that Ticor Title Insurance Company of California ("Ticor") will pay various sums for Pacific Loan to Thrift Guaranty Corporation and Barney Shiotani on the Effective Date, which is defined in the Settlement and Release Agreement as "the date five (5) business days after the date that the order of the last Bankruptcy Court having jurisdiction of any of the Bankruptcies, authorizing the execution of this Agreement ... has become final and nonappealable." (Settlement and Release Agreement, paragraph 1.9).

The Movants contend that the proceeds from the Settlement and Release Agreement are now due and owing because all applicable appeal periods will have expired

when Evanston withdraws its outstanding Motions to Reconsider the Order of March 31, 1989 and April 19, 1989, or alternatively 10 days thereafter, as provided by Bankruptcy Rule 8002 unless a party within the 10–day period files a notice of appeal.

Ticor has interpreted paragraph 1.9 of the Settlement and Release Agreement, the "effective date" or payment date as (1) 10 business days after Evanston Insurance withdraws its Motion to Reconsider, (2) 20 calendar days after the expiration of the 10–day appeal period, plus (3) the 5 business days provided for in paragraph 1.9 of the Settlement and Release Agreement.

Ticor Title contends that to be a final and nonappealable Order, Movants must wait not only the 10 business days required by Rule 8002(c), but the full 20 days after the expiration of the 10 business days in order to make sure that no party could file an appeal based on "excusable neglect".

Bankruptcy Rule 8002(a) provides that a notice of appeal must be filed within ten days from the entry of the challenged judgment, order or decree. However, Bankruptcy Rule 8002(b) expressly states:

> (b) *Effect of Motion on Time for Appeal.* If a timely motion is filed by any party: (1) for judgment notwithstanding the verdict under rule 9015; (2) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 9023 to alter or amend the judgment; or (4) under Rule 9023 for a new trial, the time for appeal for *all parties* shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed. No additional fees shall be required for such filing. (emphasis added.)

Based upon the express language of B.R. 8002(b), it is clear that one party's filing of a tolling motion will suspend the filing deadline for all parties, which in the context of approving a settlement agreement, includes all creditors and other parties-in-interest entitled to notice.

Neither Bankruptcy Rule 8002 nor Federal Rules of Appellate Procedure 4(a)(4) expressly address a situation of a voluntary withdrawal of a tolling motion, and there does not appear to be any case involving the disposition of a tolling motion by means other than a court order.

The Court, however, finds the reasoning of the Fifth Circuit, in *Tideland Welding Service v. Sawyer*, 881 F.2d 157 (5th Cir. 1989) to be persuasive. Like Bankruptcy Rule 8002(b), the regulations in question in that case provided that the timely filing of a motion for reconsideration suspended the time for filing of a notice of appeal. A timely motion for reconsideration had been filed, but later withdrawn. As noted by the court,

> [t]he issue before this court is the effect of the respondents' withdrawal of their motion for reconsideration on the timeliness of Liberty Mutual's notice of appeal.
>
> The Board provided two interpretations of the regulations when discussing the timeliness of the respondents' notice of appeal. First, the Board held that when a party files and subsequently withdraws a motion for reconsideration, the notice of appeal must be filed within 30 days of the original judgment from which the party seeks an appeal. Second, the Board held that even if the respondents' motion for reconsideration tolled the filing time for a notice of appeal, the respondents filed their notice of appeal before the ALJ ruled on their motion to withdraw and the notice of appeal was, therefore, premature.
>
> We find no support for the Board's statement that a perfected motion for reconsideration that is later withdrawn fails to toll the period for filing a notice of appeal. 20 C.F.R. § 802.205A(e) (1987) explicitly states that "any appeal to the Board, whether filed prior to or subsequent to the filing of a timely motion for reconsideration, shall be dismissed as premature." The regulation makes no exception for motions for re-

consideration that are later withdrawn. Furthermore, the Board's interpretation could render substantial injustice to the party opposing a motion for reconsideration. For example, if a party filed a motion for reconsideration, the opposing party would read the regulation stating that any notice of appeal filed before resolution of the motion for reconsideration would be premature, and would then wait until the ALJ ruled on the motion for reconsideration before filing a notice of appeal.

If the party moving for reconsideration later moved to withdraw the motion more than thirty days after the original judgment, under the Board's interpretation, the opposing party would lose the right to appeal.

The Board relies on *Niswander v. Director, Office of Workers' Compensation Programs,* 7 BLR 1–88 (1984), where the Board held that an unperfected motion for reconsideration cannot toll the time for filing a notice of appeal. *Niswander* is distinguishable from the instant case. In *Niswander,* the party moving for reconsideration did not file a perfected motion. In the instant case, the plaintiffs filed a perfected motion detailing several grounds of alleged error. The plaintiffs' motion was not frivolous or lacking in substance.

We find more credibility in the Board's alternative interpretation that the time for filing a notice of appeal is measured from the date that the ALJ ruled on the motion to withdraw the motion for reconsideration. The regulations governing the Board state that a notice of appeal filed before or after a motion for reconsideration is premature. The regulations further provide that "(f)ollowing final action by the administrative law judge or deputy commissioner (dismissing or granting the motion for reconsideration), a new notice of appeal shall be filed with the Clerk of the Board by any party who wishes to appeal." Although the regulation does not address the result when a legitimate motion for reconsideration is withdrawn, as compared to a motion granted or dismissed by the ALJ, we find the distinction between a withdrawn and a dismissed motion inapposite in this situation.

In this case, Evanston's Motion to Reconsider was timely filed, raised some meritorious claims for relief, and there is no indication that it was facially defective or filed in bad faith. Consequently, it appears that other creditors could reasonably assume that the Motions to Reconsider tolled the time for appeal.

Moreover, it is important to note that courts have liberally construed motions filed within 10 days after entry of judgment so as not to deprive parties of the right to appeal. *See Juanarena v. Nicholson,* 779 F.2d 514 (9th Cir.1985), *Miller v. Leavenworth–Jefferson Elec. Co-op,* 653 F.2d 1378 (10th Cir.1981).

Although there was no court action on Evanston's Motion to Reconsider (it being voluntary withdrawn), the Court finds no reason to distinguish a voluntary withdrawal from a withdrawal after a court hearing, or a dismissal of the motion by the Court.

Bankruptcy Rule 8002(c) permits the extension of the 10–business day appeal period upon motion, filed not later than 20 days after the expiration of the original appeal period, and upon a showing of excusable neglect. *P.S. Berger v. Rodman,* 425 F.Supp. 565 (S.D.N.Y.1976), *aff'd without opinion,* 559 F.2d 1202 (2d Cir.1977).

The standard for finding "excusable neglect" is the same under both Bankruptcy Rule 8002 and F.R.C.P. 4(a). *See Matter of Estate of Butler's Tire & Battery,* 592 F.2d 1028 (9th Cir.1979). Some courts have upheld a grant of extension even where the failure to file a timely appeal was caused by a possible misconstruction of the rules. *See, e.g., Feeder Line Towing Service, Inc. v. Toledo P & W Co.,* 539 F.2d 1107, 1109 (7th Cir.1976).

Based on the above, the Court concludes that the effective date of the Settlement Agreement should be construed as 10 days following the withdrawal of Evanston's Motion to Reconsider, plus the 20–day period provided for by Bankruptcy Rule 8002(c), and the five-day period added by

paragraph 1.9 of the Settlement and Release Agreement.

IT IS SO ORDERED.