967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond DOBARD, Plaintiff-Appellant,
v.
CITY OF BERKELEY, M. Daugherty, Dash Butler, Lorraine Box
and Mark Box, Defendants-Appellees.
 No. 91-15550.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 19, 1992.
 
 Before ALARCON, CYNTHIA HOLCOMB HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Dobard appeals from the judgment entered after his action was tried without a jury. The district court denied relief on Dobard's claims that the defendants deprived him of his civil rights and intentionally inflicted emotional distress because it determined that Dobard had not demonstrated that he suffered a cognizable injury. Dobard asserts the following grounds for error: (1) the district court coerced Dobard to waive a jury trial; (2) the factual findings supporting the district court's conclusion that no excessive force had been used were clearly erroneous; (3) the district court abused its discretion in not admitting one of Dobard's medical reports into evidence; (4) the district court abused its discretion in taking judicial notice of plaintiff's past action against the City of Berkeley; (5) the district court abused its discretion in dismissing Dobard's state court action; and (6) the district court abused its discretion by denying Dobard's post-judgment motion to amend his complaint.
 
 
 3
 We are jurisdictionally barred from reaching the merits of Dobard's contentions because he has failed to file a timely notice of appeal.
 
 
 4
 The district court announced its decision to rule in favor of the City of Berkeley on April 2, 1991. Dobard filed a notice of appeal on April 4, 1991. On April 24, 1991, he filed a "Statement for Reconsideration and Objections to Defendants' Submission of its (Proposed) Order and Findings of Fact and Conclusions of Law" ("Statement for Reconsideration"). On November 19, 1991, the district court entered a final judgment and denied Dobard's motion for reconsideration. Dobard did not file a notice of appeal after the district court's entry of final judgment and denial of the motion for reconsideration.
 
 
 5
 The district court properly treated Dobard's "Statement for Reconsideration" as a motion to reconsider the judgment under Rule 59(e). Matter of Nicholson, 779 F.2d 514, 515 (9th Cir.1985). A Rule 59(e) motion filed prior to the entry of judgment is considered timely. Calculators Hawaii, Inc. v. Brandt, Inc., 724 F.2d 1332, 1334-35 (9th Cir.1983). Where a timely motion for relief under Rule 59(e) is filed, "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion." Fed.R.App.P. 4(a)(4). When a notice of appeal is filed before the disposition of a Rule 59(e) motion, it "shall have no effect." Id. "A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion." Id.
 
 
 6
 The notice of appeal filed on April 4, 1991 has no effect because it was filed before the district court had ruled on the Rule 59(e) motion. Dobard failed to file a new notice of appeal after the district court denied his motion for reconsideration as required by Rule 4(a)(4) of the Federal Rules of Appellate Procedure. Since a notice of appeal was not timely filed after the court denied the motion for reconsideration, we lack jurisdiction to consider this appeal.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3