In re Sandra BRYSON, Debtor,

**THE LAW OFFICES of Peter Francis GERACI, Plaintiff–Appellant,**

v.

**Sandra BRYSON, Defendant–Appellee.**

No. 96–3620.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 13, 1997.

Decided Oct. 28, 1997.

James K. Borcia, Tressler, Soderstrom, Maloney & Priess, Chicago, IL, Kenneth S. Borcia (argued), Libertyville, IL, for Debtor–Appellee.

Peter F. Geraci (argued), Steven J. Diamond, Law Offices of Peter Francis Geraci, Chicago, IL, for Appellant.

Before POSNER, Chief Judge, and ROVNER and DIANE P. WOOD, Circuit Judges.

DIANE P. WOOD, Circuit Judge.

Imbedded in a controversy between Sandra Bryson, who was looking for a lawyer to represent her in a bankruptcy proceeding, and Peter Geraci, the head of the law firm Bryson initially contacted, is a question of bankruptcy procedure: whether the 10–day period for filing an appeal under Bankruptcy Rule 8002 is tolled if a timely motion to reconsider (which would otherwise toll the time for appeal) is resolved by an order withdrawing it, rather than in some other way. The district court concluded that the

motion failed to satisfy the tolling requirement because it was filed in bad faith. While we appreciate the court's concern, we have decided that the remedy for a bad faith motion does not lie in the rules governing the time for appeal, and we therefore reverse and remand for further proceedings.

The appeal in question arose out of Bryson's efforts to be reimbursed for certain legal fees she had paid to the Geraci firm. Initially, when she decided to file for bankruptcy, she contacted the Law Offices of Peter Geraci, a well-known figure in the Chicago area who advertises his services extensively on television. After she paid Geraci's firm $382.50 in fees, she wrote Geraci a letter informing him that she could not afford the continuing biweekly payments of $182.50 that the firm required, and that she therefore did not want Geraci to file the bankruptcy petition on her behalf. Wishing to obtain the return of the monies she had already paid, Bryson (with the help of a new attorney) filed a Motion for Turnover of Attorney Fees in the bankruptcy court requesting the return of all unearned fees. Bankruptcy Judge John D. Schwartz ruled that Geraci was entitled to retain $200 as payment for a five-minute telephone conversation the Law Offices had with Bryson about her case and for other possible work it may have done before she fired them, but he ordered Geraci to return the remaining $182.50.

Judge Schwartz issued that order on June 7, 1996. On June 14, 1996, Geraci filed a Motion to Reconsider and to Vacate the bankruptcy judge's order. This was well within the ten days recognized in Bankruptcy Rule 8002(b)(4) for motions made under Bankruptcy Rule 9024 (as Geraci's was), and Bankruptcy Rule 9006, which outlines how to compute the 10-day period. Fourteen days later, on June 28, 1996, the docket sheet shows that the bankruptcy court entered an order withdrawing with prejudice Geraci's motion to reconsider. (The motion itself, for mysterious reasons, is not in the record on appeal, but as Bryson has not disputed the fact that it was filed and then withdrawn, its absence does not affect our consideration of the appeal.) Ten days after that, on July 8, 1996, Geraci filed a Notice of Appeal under Bankruptcy Rule 8002, indicating his intention to appeal to the district court from the order requiring him to return the $182.50 to Bryson. Bryson responded with a motion to dismiss the appeal on the ground of untimeliness. After holding a hearing on the motion to dismiss, the district court granted Bryson's motion from the bench.

Bankruptcy Rule 8002(a) requires a notice of appeal to be filed "within 10 days of the date of the entry of the judgment, order, or decree appealed from." Like its counterpart, Fed. R.App.P. 4(a)(4), Bankruptcy Rule 8002 extends the time for filing the notice of appeal in cases where any party timely files certain motions, in which case "the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." Fed. R. Bankr.P. 8002(b). Included in the motions specified in Rule 8002(b) is a motion for relief under Bankruptcy Rule 9024, which makes Fed.R.Civ.P. 60 applicable to cases under the Bankruptcy Code with exceptions not material to our case. Rule 9024 motions filed within 10 days were added to the list in Rule 8002(b) by a 1994 amendment to the Bankruptcy Rules. That amendment was designed to make bankruptcy procedure conform to a similar 1993 amendment to Fed. R.App. P. 4(a)(4), which permitted tolling for motions under Fed.R.Civ.P. 60 that were filed within 10 days. The Committee Note on the Bankruptcy Rule amendment explained that "[t]he reason for providing that the [Rule 9024] motion extends the time to appeal only if it is filed within the 10-day period is to enable the court and the parties in interest to determine solely from the court records whether the time to appeal has been extended by a motion for relief under Rule 9024." Fed. R. Bankr.P. 8002 Committee Note.

In this case, Geraci's Rule 9024 motion was filed within 10 days of the bankruptcy court's order, an order disposing of it by permitting its voluntary withdrawal was entered, and Geraci's notice of appeal was filed within 10 days of the entry of the latter order. On its face, therefore, as Geraci argued before the district court, his appeal was timely. But the district court found that the motion to reconsider was filed in bad faith,

and that this made all the difference. Although Judge Kocoras did not file a written opinion, the transcript of the hearing on Bryson's motion to dismiss reveals that he believed that Geraci had filed the motion to reconsider merely as a tool to extend the time available for appeal, and that Geraci withdrew it as soon as he was ready to proceed with his appeal. The transcript also makes it clear that the judge had some basis for this belief: Geraci's lawyer testified that both he and Geraci believed that the bankruptcy judge was "predisposed to this sort of decision" and that the motion to reconsider would be futile. Under these circumstances, Judge Kocoras found, the tolling provisions of Bankruptcy Rule 8002(b)(4) did not apply, and the appeal filed on July 8 was untimely.

Abuse of court procedures is a serious matter, but a rule requiring district courts to evaluate the good faith of all Rule 9024 motions (or the other motions identified in Bankruptcy Rule 8002(b)(4)) in order to ascertain whether an appeal has been filed in time is neither supported by the language of Rule 8002(b) nor by the policy favoring easy determination of the timeliness of appeals solely from court records. Rule 8002 says simply that "the time for appeal for all parties runs from the entry of the order disposing of the last such motion [identified in subsection b] outstanding." There are no limits on what kind of order may dispose of the motion, and there is no hint that an order dismissing the motion as a result of its voluntary withdrawal should be treated differently from orders denying these motions. Although this question has arisen only rarely, other courts have come to similar conclusions. For example, in *Tideland Welding Serv. v. Sawyer*, 881 F.2d 157 (5th Cir.1989), the Fifth Circuit held that a timely filing of a motion for reconsideration that was later withdrawn tolled the time for filing an appeal from a decision of the Benefits Review Board under the Longshore and Harbor Workers' Compensation Act, which had a system very much like the one in the bankruptcy rules. See 881 F.2d at 159–60 (citing 20 C.F.R. § 802.205A(a) (1987)). See also *Bridger Coal Co. v. Director, Office of Workers' Compensation Programs*, 927 F.2d 1150, 1152 (10th Cir.1991) (following Tideland in a Black Lung Benefits Act case); *In re McCarthy*, 106 B.R. 201, 202 (Bankr.D.Haw.1989) (following Tideland for purposes of Rule 8002).

■ Furthermore, whatever Geraci thought about Judge Schwartz's inclinations, nothing whatever suggests the Judge would have refused to consider a well-supported motion. Thus, if Geraci's motion was in fact futile, the futility would be of his own making for filing something that may have been frivolous or in bad faith. Both the bankruptcy court and the district court have ample tools at their disposal to punish litigants and their lawyers for this kind of behavior. By filing the motion, Geraci was certifying for purposes of Bankruptcy Rule 9011 that it was "well grounded in fact and ... warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," and that it was "not interposed for any improper purpose." Just as is the case with Fed.R.Civ.P. 11, the counterpart of Rule 9011, sanctions may be imposed on persons who sign documents in violation of Rule 9011. In addition, we recently held in *In re Volpert, Jr.*, 110 F.3d 494 (7th Cir.1997), that the bankruptcy court has authority under 11 U.S.C. § 105(a) to sanction an attorney who has "unreasonably and vexatiously multiplie[d] the proceedings before [it]." *Id.* at 500. That same authority would permit the bankruptcy court to punish an attorney for filing a frivolous motion to reconsider under Rule 9024 if for any reason the misconduct did not fall under Rule 9011. Likewise, if the district court had thought the notice of appeal was improper, it could have considered sanctions under Rule 11. Here, however, no claim has been made that the appeal itself was frivolous; the problem, if there was one, was with the motion to reconsider, and the remedy lay within the hands of the bankruptcy court.

We do not express any opinion here on the soundness or lack thereof of Geraci's motion to reconsider. We hold only that the time for appeal to the district court began to run on June 28, 1996, the date on which the bankruptcy court issued its order disposing of the motion by allowing its voluntary withdrawal. Because Geraci filed the notice of appeal on July 8, 1996, ten days after the entry of that

order (and well within the "ten day" period permitted by the computation rules of Bankruptcy Rule 9006), his notice was timely and the district court should not have dismissed the appeal on that ground. We therefore REVERSE the judgment of the district court and REMAND for further proceedings.