# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 05-6029 WA

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Annette B. Sabala, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Gerald Hanson, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Movant Below - Appellant | * | Western District of Arkansas |
| | * | |
| v. | * | |
| | * | |
| Annette B. Sabala, | * | |
| | * | |
| Debtor - Appellee. | * | |

---

Submitted: November 15, 2005
Filed: December 8, 2005

---

Before SCHERMER, MAHONEY, and MCDONALD, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Gerald Hanson appeals the bankruptcy court[1] order imposing monetary sanctions on him.  We have jurisdiction over the appeal from the final order of the bankruptcy court imposing sanctions.  *See* 28 U.S.C. § 158(b).  For the reasons set forth below, we affirm.

## ISSUE

The issues on appeal are (1) whether Mr. Hansons's appeal was timely and (2) whether the court properly imposed monetary sanctions on Mr. Hanson after he filed a second complaint to determine the dischargeability of a debt of Annette B. Sabala ("Debtor") after the dismissal of his prior complaint to determine dischargeability of debt and after the granting of the Debtor's discharge.  We conclude that the appeal was timely and that the court properly exercised its discretion in awarding sanctions against Mr. Hanson.

## BACKGROUND

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on December 1, 2003.  In her schedules, the Debtor listed Mr. Hansen as the holder of a contingent, unliquidated unsecured nonpriority claim in the amount of $10.

On January 13, 2004, Mr. Hanson filed a complaint to determine the dischargeability of the Debtor's indebtedness to him.  The Debtor filed a motion to dismiss the dischargeability complaint which was granted by order dated May 6, 2004.

---

[1]The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

The bankruptcy court entered its order discharging the Debtor on May 19, 2004, and the Debtor's case was subsequently closed.[2]

On December 27, 2004, Mr. Hanson filed a second complaint to determine dischargeability of debt. The court *sua sponte* re-opened the case on January 6, 2005. The court held a hearing on the second dischargeability complaint on February 24, 2005, at which the court dismissed the second complaint and granted the Debtor twenty days to file a motion for sanctions. The court entered its order dismissing the second complaint on March 17, 2005.

On March 15, 2005, the Debtor filed a motion for sanctions. On April 18, 2005, Mr. Hanson filed a response to the motion. The court held a hearing on the motion on April 27, 2005, at which the Debtor appeared through counsel and Mr. Hanson appeared *pro se*. The Debtor's husband testified on behalf of the Debtor that he and Mr. Hanson had been involved in much litigation elsewhere; that upon the advice of counsel, his wife listed Mr. Hanson as the holder of a nominal, contested claim in her bankruptcy case; that Mr. Hanson had objected to the Debtor's discharge of his debt and that the objection had been dismissed; that the Debtor had received a discharge; that after entry of the discharge, Mr. Hanson filed a second complaint objecting to the discharge of his debt; and that he had incurred expenses coming to court on account of Mr Hanson's second dischargeability complaint.[3] Mr. Hanson did not call any witnesses nor did he testify. At the close of evidence, the bankruptcy court determined that Mr. Hanson had violated the discharge injunction and that sanctions were warranted. The bankruptcy court imposed monetary sanctions consisting of

---

[2]The Debtor reopened her case in October, 2004, to add a secured creditor. The case was re-closed on November 24, 2004.

[3]The Debtor and her husband had moved from Arkansas before Mr. Hanson filed his second complaint and therefore had to travel from out of state to attend the hearings on the complaint and on the motion for sanctions.

$1,000 in attorneys' fees for the Debtor's counsel and the amount of travel expenses incurred by the Debtor and/or her husband to travel to court twice from out of state. The court directed the Debtor's counsel to file and serve on Mr. Hanson an affidavit of attorneys' fees and costs and proof of travel costs. The court denied the Debtor's request for punitive sanctions as lacking any basis.

Mr. Hanson filed a motion to reconsider on May 9, 2005. The court entered the order granting the Debtor's motion for sanctions on May 17, 2005. Mr. Hanson withdrew the motion for reconsideration on May 31, 2005, and filed a notice of appeal on June 10, 2005. In the notice of appeal Mr. Hanson purports to appeal the dismissal of his complaint to determine dischargeability of debt, the award of sanctions, and his motion for reconsideration.[4] The appeal was untimely as to the dismissal of the complaint[5] and Mr. Hanson withdrew his motion for reconsideration. Therefore our jurisdiction in this appeal is limited to the award of sanctions.

## STANDARD OF REVIEW

We review the award of sanctions for an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399-405, 110 S.Ct. 2447, 2457-2461, 110 L.Ed. 2d 359 (1990); *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003); *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 624 (8th Cir. 2003); *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003); *Schwartz v. Kujawa (In re Kujawa)*, 270 F.3d 578, 581-82 (8th Cir. 2001); *Grunewaldt v. Mut. Life Ins. Co. of New York (In re Coones Ranch,*

---

[4]Mr. Hanson filed his motion to reconsider and his notice of appeal before the Debtor's counsel filed the affidavit of fees or proof of travel costs.

[5]Mr. Hansen filed the notice of appeal 85 days after entry of the order dismissing his adversary complaint, well beyond the 10-day time period required for filing a notice of appeal under Federal Rule of Bankruptcy Procedure 8002(a).

*Inc.)*, 7 F.3d 740, 743 (8ᵗʰ Cir. 1993); *Ebersold v. DeLaughter (In re DeLaughter)*, 213 B.R. 839, 841 (B.A.P. 8ᵗʰ Cir. 1997).

DISCUSSION

### 1.      TIMELINESS OF APPEAL

Mr. Hanson's appeal was timely. Federal Rule of Bankruptcy Procedure 8002(a) requires a notice of appeal to be filed within ten days of the entry of the order appealed from. However, a timely motion for reconsideration tolls the time period for filing an appeal during the pendency of such motion. Fed. R. Bankr. P. 8002(b). Rule 8002(b) lists the following motions as having a tolling effect: a motion to amend or make additional findings of fact under Rule 7052; a motion to alter or amend a judgment under Rule 9023; a motion for a new trial under Rule 9023; or a motion for relief from judgment or order under Rule 9024 if filed within ten days after entry of the judgment or order. Mr. Hanson entitled his motion for reconsideration a Motion for Reconsideration: Pursuant to USCA 11 § Rule 3008; USCA 11 § 502(j); Request for Judicial Review; Memorandum of Points Authorities; Declaration of Gerald Hanson in Support of Motion for Reconsideration. A review of the motion to reconsider indicates that Mr. Hanson was seeking to introduce evidence to contradict a statement made by the Debtor's husband that Mr. Hanson is a litigious or vexatious litigant. Mr. Hanson requested alternatively that the order imposing sanctions be vacated, that a new hearing be granted, and that he be granted relief from the sanctions order. Regardless of its denomination, Mr. Hanson's motion to reconsider seeks relief of the type available under Rule 9023 and Rule 9024. Therefore the motion to reconsider tolled the time to appeal under Rule 8002(b).

According to Rule 8002(b), the time period for appeal runs from the entry of the order disposing of the last outstanding motion which has a tolling effect. In the present case, no order was entered on the motion for reconsideration because

5

Mr. Hanson withdrew the motion prior to its disposition. In such a circumstance, the time period for filing the notice of appeal runs from the date of the withdrawal of the motion. *In re McCarthy*, 106 B.R. 201 (Bankr. D. Haw. 1989); *see also Law Offices of Peter Francis Geraci v. Bryson (In re Bryson)*, 131 F.3d 601 (7th Cir. 1997). Mr. Hanson filed the notice of appeal within ten days after he withdrew his motion for reconsideration. Therefore the appeal of the order imposing sanctions was timely.

## 2. SANCTIONS WERE APPROPRIATE

The bankruptcy court did not abuse its discretion in awarding sanctions against Mr. Hanson. First, Mr. Hanson was given ample notice of the possibility of sanctions. The issue was first addressed orally at the hearing held on February 24, 2005, more than two months prior to the April 27, 2005, hearing on the motion for sanctions. The Debtors filed a motion requesting sanctions to which Mr. Hanson filed a response. Mr. Hanson attended the hearing on the motion and was given an opportunity to present evidence and argument.

Second, the bankruptcy court properly determined that Mr. Hanson had violated the discharge injunction and that sanctions were warranted. The bankruptcy court rejected the Debtor's request for punitive sanctions for the pain and suffering allegedly caused by Mr. Hanson's second complaint as not supported by any evidence. The bankruptcy court also took into account Mr. Hanson's *pro se* status in determining an appropriate award of sanctions although not required to do so. The bankruptcy court carefully limited the award to an amount sufficient to reimburse the Debtor for her expenses in the form of attorneys' fees and travel costs necessitated by Mr. Hanson's second complaint. Accordingly, the award was both supported by the evidence and well within the discretion of the court. The bankruptcy court did not abuse its discretion in awarding sanctions. Accordingly, the order imposing sanctions should be affirmed.

## CONCLUSION

The motion for reconsideration tolled the time to appeal under Federal Rule of Bankruptcy Procedure 8002(b).  Mr. Hansen filed his notice of appeal within ten days after withdrawing the motion to reconsider.  The appeal was therefore timely.  Furthermore, the bankruptcy court did not abuse its discretion in imposing sanctions against Mr. Hanson.  Accordingly, the order imposing sanctions is AFFIRMED.

---------------------------------

7