**In re Terri L. STEFFEN, Debtor.**

**United States of America, Plaintiff,**

v.

**Terri L. Steffen, Defendant.**

**Bankruptcy No. 8:01–bk–09988–ALP.**
**Adversary Nos. 08–139, 08–389, 08–416.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 15, 2009.

Mary Apostolakos Hervey, United States Department of Justice, Washington, DC, for Plaintiff.

David E. Hammer, David E, Hammer PA, Lutz, FL, Edward J. Peterson, III, Stichter, Riedel, Blain & Prosser, PA, Tampa, FL, for Defendant.

***ORDER ON UNITED STATES' MOTION FOR CONTEMPT SANCTIONS AGAINST CALIGULA CORPORATION, DAVID SLAVINSKY, MICHAEL PETERS, LOIS STEFFEN, DAVID HAMMER AND FOR DISCOVERY SANCTIONS AGAINST TERRI STEFFEN*** (Doc. No. 73)

ALEXANDER L. PASKAY, Bankruptcy Judge.

ONE OF the most distasteful tasks of any judge is to have to consider motions to impose sanctions upon debtors and their attorneys, especially for those attorneys who appear before this Court. Notwithstanding when the time arrives when this Court must perform such a task, it is clearly executed to insure that the court's business is properly conducted, and to preserve the respect for the judicial system and for the court as a whole.

The immediate matter before this Court is the United States' Motion for Contempt Sanctions against Caligula Corporation, David Slavinsky, Michael Peters, Lois Steffen, David Hammer and for Discovery Sanctions against Terri Steffen (Doc. No. 73). The United States of America (Government) seeks the imposition of sanctions against Caligula Corporation (Caligula), David Slavinsky (Slavinsky), Michael Peters (Peters), Lois Steffen and the Debtor's attorney, David E. Hammer (Hammer) for contempt. In addition, the Government also seeks discovery sanctions against Terri Steffen (the Debtor) for alleged violations of the discovery rule.

The matter under consideration arose in an adversary proceeding commenced by the Government against the Debtor in which the Government challenged the Debtor's right to a general bankruptcy discharge otherwise available to debtors pursuant to Section 727(a) of the Bankruptcy Code (Code). The one count Complaint filed by the Government charges that the Debtor transferred property of the estate with the intent to hinder, delay, or defraud creditors. In addition to the above, the Government indirectly also charges an additional claim under Section 727(a)(4) of the Code, contending that the Debtor committed false oath and, therefore, the Debtor should be denied her discharge.

The events preceding the matter under consideration is disturbing to this Court and represents a paradigm of how parties should not litigate controversies in the federal court. Especially, parties should not turn a proceeding into a third world war conflict while the issues during the discovery process are hardly relevant to the ultimate claim filed by the Government. The Government's Motion for Sanctions is accompanied by various exhibits. The exhibits filed by the Government include emails, notices of deposition, and subpoenas to Caligula, Slavinsky, Peters and Lois Steffen (the Parties). (See Government Exhibits Part 3 through 8). In addition to the foregoing, the Government also filed transcripts of the Parties' scheduled depositions and additional emails which are of no use to this Court for purpose of imposing sanctions on the Parties, David E. Hammer or the Debtor. (See Government Exhibits Part 9 through 14). The only exhibit relevant to the matter under consideration is the Declaration of Mary Apostolakos Hervey (Ms. Hervey). Ms. Hervey states in her Declaration that "[b]y agreement between myself and Steffen's attorney David Hammer, the deposition of Steffen, her mother Lois Steffen, Caligula Corporation, David Slavinsky and Michael Peters were all scheduled on mutually convenient dates during the week of March 16, 2009." Hammer is the attorney of record for the Debtor, and also represents the additional individuals and the corporation named by the Government in their Motion for Sanctions.

It appears from the record, Hammer and Ms. Hervey agreed upon a tentative discovery schedule. On January 23, 2009, Ms. Hervey sent Hammer an email giving him the dates in March that she was available for deposition. Ms. Hervey specifically identified to Hammer all of the witnesses that she intended to depose, all of which are the witnesses who Ms. Hervey now seeks the imposition of sanctions on.

All witnesses were properly subpoenaed to appear for deposition March 16–19, 2009. Hammer, as the registered agent for Caligula, was personally served on March 5, 2009, to appear for deposition on March 16, 2009 at 3:00 p.m. (See Government Exhibits Part 5). Slavinsky and Peters were personally served on February 20, 2009, with the subpoena to appear on March 19, 2009, at the United States Attorney's Office, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602. (See Government Exhibits Parts 6 and 7). Lois Steffen was personally served on March 5, 2009, to appear for deposition on March 19, 2009 at 3:00 p.m. (See Government Exhibits Part 8). Ms. Hervey did not hear anything concerning the suggested scheduled deposition until March 9, 2009, when Slavinsky and Peters filed their Motion to Quash Subpoenas (Doc. No. 56). On March 16, 2009, Ms. Hervey arrived in Tampa for the purpose of conducting the deposition of Caligula Corporation. As noted above, Hammer was personally served on March 5, 2009, as the registered agent for the corporation to appear for deposition on March 16, 2009. Ms. Hervey and the court reporter timely appeared on March 19, 2009, and awaited the arrival of Hammer or an individual representing the corporation. However, neither Hammer, as the registered agent, or anyone else representing the corporation appeared on behalf of the same for the deposition scheduled on March 16, 2009. Ms. Hervey attempted to contact Hammer at his office. Ms. Hervey left a specific message for Hammer but did not receive a response.

On another note, on February 10, 2009, the Debtor's attorneys, David E. Hammer, Edward J. Peterson, III, and Harley E. Riedel were served with Notice of Deposition by the United States. The Notice

stated that the United Sates will take the deposition of Terri Steffen on March 17, 2009, at 9:00 a.m. at the office of the United States Attorney Middle District of Florida. (See Government Exhibits Part 2). On the same afternoon, this Court heard oral arguments of counsel for the United States and Slavinsky and Peters on Slavinsky and Peters' Motion to Quash (Doc. No. 56). At the hearing on the Motion to Quash, this Court orally denied the Motion and entered its Order on March 26, 2009. (Doc. No. 65).

On March 19, 2009, at 9:00 a.m. Slavinsky and Hammer appeared briefly for Slavinsky's scheduled deposition. Slavinsky failed to produce the documents requested by the Government. Hammer announced that he "was informed the date had not been cleared with Slavinsky or Peters. And as it turns out, they have an auction to get to today. Slavinsky can be here until 10:30, at which time we're going to adjourn." (See Government Exhibits Part 11, pg. 5, lines 15–19). Hammer further announced that "Peters is not going to be able to attend at one o'clock . . . you didn't clear the date with him . . . he won't be able to attend." (See Government Exhibits Part 11, pg. 5, lines 20–24). Thereafter, Hammer challenged that the deposition was being conducted at the office of the United States Attorney. Hammer stated that the office "was not an acceptable place for depositions." (See Government Exhibits Part 11, pg. 6, lines 4–6). According to Hammer the depositions should be held in a neutral environment and "the U.S. Attorney's Office is intimidating to any lay witness, and it intimidates any of the witnesses here." (See Government Exhibits Part 11, pg. 6, lines 9–11).

During the deposition, when Ms. Hervey questioned Slavinsky as to whether there was a written agreement with American Heritage or Peters with respect to his subcontracting, duties relationship and compensation, Hammer objected and indicated that the question was "far beyond background." (See Government Exhibits Part 11, pg. 19, lines 12–16). Ms. Hervey noted Hammer's objection and asked if he was "asserting a privilege?" (See Government Exhibits Part 11, pg. 20, lines 2–3). In response to Ms. Hervey's question, Hammer responded "No." (See Government Exhibits Part 11, pg. 20, lines 4). Ms. Hervey posed the question again to Slavinsky, "Do you have any kind of contractual relationship with either American Heritage or Peters?" (See Government Exhibits Part 11, pg. 20, lines 8–9). Again, Hammer asserted his objection to Ms. Hervey's question to Slavinsky and indicated that the question was being asked merely to harass the witness. (See Government Exhibits Part 11, pg. 20, lines 10–14). Ms. Hervey stated to Hammer that ". . . you, as counsel for Slavinsky, that it's only appropriate to direct the client not to answer if you are going to assert a claim of privilege. I'm going to ask you one more time, are you asserting a claim of privilege?" (See Government Exhibits Part 11, pg. 21, lines 3–8). Hammer stated, "I am not. But if you ask the question a third time, I'm going to terminate the deposition." (See Government Exhibits Part 11, pg. 21, lines 9–11). The deposition of Slavinsky continued until Ms. Hervey asked the deponent who was the large client that he was referring to with respect to his spike in income the prior year. Hammer objected to the question, made reference to the Debtor and indicated that the Slavinsky was "not going to answer the question." Hammer further stated to Ms. Hervey, "you're either going to move on or we're going to terminate now." (See Government Exhibits Part 11, pg. 22–23, lines 10–25, 1–6). Ms. Hervey then asked Slavinsky to respond to her question with respect to the identity of the large client the

deponent had referred to. Hammer announced that the deposition was terminated and Ms. Hervey informed Slavinsky that he did not have permission to leave. It is Ms. Hervey's contention that Hammer became aggressive and raised his hand and put his finger into her face. This allegation is disputed by Hammer but is not relevant to the matter under consideration and, therefore, whether true or not this Court is satisfied that Hammer had no business terminating the deposition.

Federal Rules of Civil Procedure 30, as adopted by Federal Rules of Bankruptcy Procedure 7030, applies in adversary proceedings and sets forth the procedure to conduct oral depositions. Subclause (c)(2) of Fed. R. Bankr.P. 7030 states in pertinent part:

> 2) **Objections.**
>
> **An objection at the time of the examination**—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—**must be noted on the record, but the examination still proceeds;** the testimony is taken subject to any objection. An **objection must be stated concisely in a *nonargumentative* and *nonsuggestive* manner.** A person may instruct a deponent not to answer **only** when **necessary to preserve a privilege,** to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Bankr.P. 7030(c)(2). (emphasis added)

■ This Court is satisfied that the proper procedure for the parties would have been to certify the objected question to this Court. This Court could have ruled on whether or not the question, as proposed by the Government, was an appropriate question to ask the deponent, and if the deponent should be required to answer the same. Based on the foregoing, this Court outright rejects the proposition urged by Hammer that he has the right to unilaterally terminate a deposition. Subclause (d)(2) of the Fed. R. Bankr.P. 7030 states, "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." This Court is satisfied that Hammer failed to properly follow the procedures embodied in Fed. R. Bank. P. 7030(c)(2) and, therefore, the imposition of sanctions against Hammer are appropriate.

## IMPOSITION OF SANCTIONS AGAINST DAVID E. HAMMER, INDIVIDUALLY

■ Modern discovery was designed to eliminate litigation by ambush and surprise. Cooperation and candor by all parties are crucial to the proper function of the discovery process; obstreperous conduct and deceptive tactics designed to delay and impede have no place in the discovery process. Under Fed.R.Civ.P. 37, as adopted by Fed.R.Bankr.P. 7037, this Court has broad discretion to fashion appropriate sanctions for discovery abuses. Sanctions pursuant to Fed.R.Bankr.P. 7037 are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. *Gratton v. Great Am. Communications,* 178 F.3d 1373, 1374 (11th Cir.1999). Furthermore, this Court has inherent power to regulate the behavior of litigants and to impose sanctions for bad faith in the conduct of the litigations. *In re Weiss,* 111 F.3d 1159 (4th Cir.1997). The Bankruptcy court has authority pursuant to Section 105 of the Bankruptcy Code to sanction an attorney who has acted unreasonably and vexatiously. *In re Bryson,* 131 F.3d 601 (7th Cir.

1997). Based on the foregoing, this Court finds it is appropriate pursuant to Fed. R.Bankr.P. 7030(d)(2) and Section 105 of the Bankruptcy Code to impose sanctions against David E. Hammer, individually, in the amount of $2,000.00, for his continual obstructive, defiant and inappropriate behavior in impeding, delaying and frustrating scheduled depositions of witnesses and the Debtor.

## CIVIL CONTEMPT SANCTIONS AGAINST CALIGULA, CORPORATION, DAVID SLAVINSKY, MICHAEL PETERS AND LOIS STEFFEN

■ It is clear that with the exception of Slavinsky, none of the parties appeared at their scheduled depositions. The record is also clear that the parties were properly served. The parties never filed with this Court a motion for protective order. As noted above, on March 9, 2009, Slavinsky and Peters filed their Motions to Quash the subpoena (Doc. No. 56), and on March 17, 2009, this Court announced in open court that the Motion, as filed, was denied. Since Slavinsky appeared in response to the subpoena, this Court is reluctant to sanction him since this Court is satisfied that the aborted deposition was caused solely by Hammer and not by Slavinsky's actions. Based on the foregoing, this Court is satisfied that Slavinsky appeared at his scheduled deposition and that he merely followed his attorney's erroneous advice. Consequently, this Court finds that Slavinsky's conduct was not sufficiently willful and he will not be subject to imposition of sanctions.

■ This Court is satisfied that the witnesses, Caligula, Peters and Lois Steffen, were properly served. The record is clear that Caligula, Peters and Lois Steffen never filed a motion to continue the scheduled deposition or a motion for protective order in this Court. Based on the foregoing, this Court is satisfied that Caligula, Peter and Lois Steffen are guilty of violating the subpoena severed upon them and, therefore, they are found to be in civil contempt.

## CIVIL CONTEMPT SANCTIONS AGAINST DAVID E. HAMMER

It should be noted at the outset that Hammer never contradicted the affidavits or exhibits submitted by the Government. Thus, this Court is satisfied that the facts as outlined by Ms. Hervey in her Declaration represent the undisputed facts which are accepted by this Court to be true and accurate statements of the events leading to the matter under consideration.

This Court is satisfied that Hammer instructed Slavinsky not to answer the question asked by the Government. Although Hammer was correct in asserting the objection to the question, *albeit*, the objection was unspecific and Hammer did not assert a privilege. Hammer inappropriately terminated a properly scheduled deposition. This record is sufficient to support the findings of this Court that Hammer's behavior was that of an obstructionist. Hammer, through his actions, delayed a properly scheduled deposition of a witness called by the Government. In addition to the foregoing, this Court is satisfied that Hammer's tactics to terminate the deposition of Slavinsky were improper, lacked civil courtesy and professionalism and this Court finds Hammer's behavior to be sanctionable.

## DISCOVERY SANCTIONS AGAINST TERRI STEFFEN AND DAVID E. HAMMER

■ Hammer at the hearing on the Motion under consideration disputed service of the Notice of Deposition on the

Debtor. Hammer presented nothing to this Court that would be considered an acceptable excuse for not appearing at the duly noticed deposition of the Debtor. This Court rejects Hammer's statement that he did not receive the notice on behalf of the Debtor. This Court notes that the above-named Debtor has been before this Court since 2001, initially in Chapter 11 and now as a Debtor in a Chapter 7 case. The Court is well aware of the Debtor's history of non-appearance without excuse and, therefore, this Court is satisfied that her continual failure to appear warrants the imposition of sanctions. This Court is satisfied that the Debtor's non-appearance at the deposition was willful, and she knowingly disregarded her duty to appear at the duly noticed deposition and, therefore, the Debtor purposefully violated Fed. R. Bank. P. 7037 and should be sanctioned. Based on the foregoing, this Court is satisfied that the Debtor is subject to sanctions for her intentional failure to appear at the above-referenced duly noticed and scheduled deposition.

In conclusion, the Court is satisfied that David E. Hammer, as the registered agent for Caligula Corporation, David Slavinsky, Michael Peters, and Lois Steffen were all properly served with subpoenas *duces tecum* compelling them to appear for deposition and to produce documents on the dates specified above. The Court also finds that Terri Steffen was properly served with a Notice of Deposition compelling her to appear for deposition on March 17, 2009. With the exception of Slavinsky, all failed without reasonable cause to appear for deposition and failed to produce the documents requested by the Government. Although Slavinsky appeared briefly for his deposition, he left the deposition without giving meaningful testimony or producing any documents that were requested by the Government. This Court is satisfied that it was Slavinsky's attorney, David E. Hammer, who improperly instructed Slavinsky not to answer the questions on the grounds of relevance and improperly terminated Slavinsky's deposition shortly after it was commenced. Be that as it may, this Court is satisfied that the imposition of sanctions is appropriate.

Accordingly, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the United States' Motion for Contempt Sanctions against Caligula Corporation, David Slavinsky, Michael Peters, Lois Steffen, David E. Hammer and for Discovery Sanctions against Terri Steffen (Doc. No. 73) be, and the same is hereby granted in part and denied in part. Civil Contempt sanctions in the amount of $533.44 shall be imposed upon Caligula Corporation, Michael Peters, and Lois Steffen and David E. Hammer, individually. It is further

**ORDERED, ADJUDGED, AND DECREED** that Discovery Sanctions shall be imposed upon Terri Steffen in the amount of $533.44. It is further

**ORDERED, ADJUDGED, AND DECREED** that a ruling on the Motion for Sanctions as to David Slavinsky shall be deferred based upon the Motion for Protective Order filed by Terri Steffen. (Doc. No. 64.) It is further

**ORDERED, ADJUDGED, AND DECREED** that within twenty (20) days from the entry of this Order, Caligula Corporation, Michael Peters, Lois Steffen, David E. Hammer, and Terri Steffen each shall pay the United States the sum of $533.44 as their pro rata share of the total fees and costs incurred by the United States in the amount of $2,677.20, awarded as sanctions, as set forth in the Declaration of Fees and Costs filed by the United States on May 4, 2009. (Doc. No. 86). It is further

ORDERED, ADJUDGED, AND DE-CREED that the amounts due to the United States for fee and costs shall be made by check payable to the United States and delivered by express mail delivery to: U.S. Department of Justice Tax Division, 555 4th Street, N.W., Washington, DC, 20001, Attn: Mary Hervey, Room 6217. It is further

ORDERED, ADJUDGED, AND DE-CREED that within twenty (20) days from the entry of this Order, David E. Hammer, Esquire, individually, shall pay Bay Area Legal Service the sum of $2,000.00, pursuant to Fed. R. Bankr.P. 7030(d)(2) and Section 105 of the Bankruptcy Code for his continual obstructive, defiant and inappropriate behavior in impeding, delaying and frustrating scheduled depositions of witnesses and the Debtor. It is further

ORDERED, ADJUDGED, AND DE-CREED that David E. Hammer, Esquire, individually, shall make payable a check for the total sum of $2,000.00 to Bay Area Legal Services, and deliver the same by express mail delivery to Bay Area Legal Services, Riverbrook Professional Center, 829 W. Dr. M.L. King. Jr. Blvd. 2nd Floor, Tampa, Florida 33603–3336 and file a certificate of compliance with this Court. It is further

ORDERED, ADJUDGED, AND DE-CREED that Terri Steffen shall appear for deposition on *June 16, 2009. at 9:00 a.m.* at 801 N. Florida Avenue, Suite 518, Tampa. Florida. It is further

ORDERED, ADJUDGED, AND DE-CREED that David Slavinsky shall appear for deposition on *June 17, 2009, at 9:00 a.m.* at 801 N. Florida Avenue, Suite 518, Tampa. Florida. At that time, David Slavinsky is also directed to produce the documents identified in the subpoena *duces tecum* previously served by the United States. It is further

ORDERED, ADJUDGED, AND DE-CREED that Michael Peters shall appear for deposition on *June 17, 2009, at 1:00 p.m.* at 801 N. Florida Avenue, Suite 518, Tampa. Florida. At that time, Michael Peters is also directed to produce the documents identified in the subpoena *duces tecum* previously served by the United States. It is further

ORDERED, ADJUDGED, AND DE-CREED that Caligula Corporation shall appear for deposition on *June 18, 2009, at 9:00 a.m.* at 801 N. Florida Avenue, Suite 518, Tampa. Florida. At that time, Caligula Corporation is also directed to produce the documents identified in the subpoena *duces tecum* previously served by the United States. It is further

ORDERED, ADJUDGED, AND DE-CREED that Lois Steffen shall appear for deposition on *June 18, 2009. at 1:00 p.m.* at 801 N. Florida Avenue, Suite 518, Tampa. Florida. At that time, Lois Steffen is also directed to produce the documents identified in the subpoena *duces tecum* previously served by the United States. It is further

ORDERED, ADJUDGED, AND DE-CREED that the foregoing depositions shall continue until completion. If any discovery disputes arise during the depositions, the parties and witnesses are directed to immediately certify the question for review, but otherwise continue with the deposition. It is further

ORDERED, ADJUDGED, AND DE-CREED that if any party or witness fails to comply with this order, the Court will consider the imposition of additional sanctions without limitation, including but not limited to incarceration, waiver of defenses, and entry of final judgment in favor of the United States.